### John H. Long, Appellee, v. John Wheatland, Appellant.

### Gen. No. 5,074.

APPEALS AND ERRORS—*when maxim de minimis non curat lex does not apply.* Notwithstanding the amount involved in an appeal is small, a reversal will be ordered if the right to the appeal has been conferred by statute and injustice appears to have been done by the judgment appealed from.

Action commenced before justice of the peace. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1908. Affirmed with remittitur. Opinion filed March 24, 1909.

J. E. LEWIS and C. H. WOOSTER, for appellant.

BROOKS & BROOKS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Appellee bought twenty acres of land remote from a highway, and surrounded on three sides by land occupied by appellant, and part of which appellant used as a pasture. There was no fence between the land of appellee and the pasture land of appellant. Appellant's cattle pastured upon appellee's land during the seasons of 1904 and 1905 with appellant's knowledge. After the close of the pasture season in 1905 appellee sued appellant for the use of said twenty acres as pasture for said two years. Appellee recovered $25 before a justice, and on an appeal to the Circuit Court

(after at least one trial there which did not result in a judgment) had a verdict and a judgment for $40, from which defendant below prosecutes this appeal.

Appellee testified that at the close of the first pasture year, he told appellant that if his cattle pastured that land any longer he should charge appellant $1 per acre. On cross-examination he left it doubtful whether this conversation was not at the end of the second year. Appellant denied that such a conversation was had. Evidence was introduced that the reputation of appellee for truth and veracity was bad in the neighborhood where he resided. There was no proof supporting his reputation. He was over seventy-eight years old and apparently somewhat querulous concerning his troubles with appellant, which began upon other subjects than the pasturing. While this state of the proof authorized an instruction on that subject, we do not think it sufficient to sustain a verdict for $1 per acre for the second year. At the beginning of the two years this land was two-thirds timber and one-third grass land and slough where no grass grew. The second year it was one-third standing timber, one-third stumps and underbrush and cut timber and tree tops lying in a windrow, and one-third slough and grass land. Appellant and one other witness testified that the fair rental value of the tract during 1904 and 1905 was $1 per acre per year. Others valued it at fifty cents per acre per year; others at fifteen or twenty cents; others at the taxes; and several testified that it was worth nothing for pasturage. On a consideration of all the testimony we are of opinion that the amount of the judgment is unjust. We are satisfied that the proof will not support a charge of over fifty cents per acre per year. We think the criticisms upon the instructions are in the main unfounded. While the judgment is small, the law gives an appeal therefrom, and the smallness of the amount does not obviate the injustice.

This opinion will be lodged with the clerk, and if

within five days appellee files a *remittitur* of one-half of the judgment, it will be affirmed in the sum of $20, the costs of this court to be paid by appellee. If such a *remittitur* is not so filed, the judgment will be reversed and the cause remanded.

Appellee having filed herein a *remittitur* of one-half the judgment, it is affirmed in the sum of $20, the costs of this court to be paid by appellee.

*Affirmed with remittitur.*